UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------

LEIDA MERCEDES and LAURA MONTANEZ,

                          Plaintiffs,                          **COMPLAINT**

            -against-                          JURY TRIAL DEMAN[D]

THE CITY OF NEW YORK, P.O. COREY CARR, Shield No. 7994,
Individually and in his Official Capacity, and Police Officers John Doe,
1-3, the names John Doe being fictitious as the present names are
unknown,

                          Defendants.
------------------------------------------------------------------

        Plaintiffs, LEIDA MERCEDES and LAURA MONTANEZ, by and through their attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for their Complaint, respectfully allege, upon information and belief:

### PRELIMINARY STATEMENT

        1.        Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

### JURISDICTION

        2.        This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

        3.        Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

### VENUE

        4.        Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6. Plaintiffs, LEIDA MERCEDES and LAURA MONTANEZ, are, and have been, at all relevant times, residents of the City and State of New York.

7. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, THE CITY OF NEW YORK.

9. At all times hereinafter mentioned, the individually named defendants were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

11. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

## FACTS

13. On or about June 22, 2014, at approximately 3:20 p.m., plaintiffs LEIDA MERCEDES and LAURA MONTANEZ were lawfully present in the vicinity of Tiebout Avenue and East 188th Street, in Bronx County in the State of New York.

14. At that time and place, the defendant officers responded to the scene.

15. The defendants took statements from several individuals on the scene and decided to place the plaintiffs, who are sisters, under arrest.

16. One of the defendant officers approached Laura Montanez, grabbed her by the arms, and applied such force to her arms as to cause a displaced fracture to her left humerus bone.

17. Another of the officers approached Leida Mercedes and caused such force to be applied to her left hand as to cause a fracture to her second metacarpal bone.

18. At the time of their arrests and injuries, plaintiff presented no threat to the defendants or any other individual or property.

19. At the time of their arrests and injuries, plaintiffs did not present a threat to flee.

20. The force employed by the defendants was objectively unreasonable given the facts and circumstances then and there prevailing.

21. Despite the defendants' knowledge of the plaintiffs' injuries, they failed to provide or allow for reasonably expedient medical treatment.

22. As a result of that undue delay, plaintiffs suffered unnecessary and severe physical pain.

23. As a result of the injuries sustained, plaintiff LEIDA MERCEDES underwent surgical intervention.

24. As a result of the foregoing, plaintiffs LEIDA MERCEDES and LAURA

MONTANEZ sustained, *inter alia*, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of their constitutional rights.

25. All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26. All of the aforementioned acts deprived plaintiffs, LEIDA MERCEDES and LAURA MONTANEZ, of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and were therefore in violation of 42 U.S.C. §1983.

27. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

28. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

29. Defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## FIRST CLAIM FOR RELIEF
## FOR EXCESSIVE FORCE UNDER 42 U.S.C. § 1983

30. Plaintiffs, LEIDA MERCEDES and LAURA MONTANEZ, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

31. The force employed by the individually named defendants was unreasonable given the facts and circumstances prevailing at the time and place of the above described incident.

32. As a result of the foregoing, plaintiffs suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## SECOND CLAIM FOR RELIEF
## FOR DELIBERATE INDIFFERENCE TO MEDICAL NEEDS UNDER 42 U.S.C. § 1983

33. Plaintiffs, LEIDA MERCEDES and LAURA MONTANEZ, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein.

34. Defendants failed to provide plaintiffs with timely medical attention despite their knowledge that they were suffering from serious medical conditions.

35. Defendants' actions constituted an unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

36. As a result of the foregoing, plaintiffs suffered physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## THIRD CLAIM FOR RELIEF
## FOR MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983

37. Plaintiffs, LEIDA MERCEDES and LAURA MONTANEZ, repeat, reiterate, and reallege each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

38. Defendants arrested, searched, and incarcerated plaintiffs, LEIDA MERCEDES and LAURA MONTANEZ, in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said search, arrest and incarceration would jeopardize plaintiffs' liberty, well-being, and safety, and violate their constitutional rights.

39. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority

attendant thereto.

40. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Police Department, all under the supervision of ranking officers of said department.

41. Those customs, policies, patterns, and practices include, but are not limited to:

   i. failing to properly train officers in use physical maneuvers in effectuating arrests

   ii. failing to properly train officers on the requirements of their own protocols in effectuating arrests and the amount of force authorized in doing so

42. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department directly cause, *inter alia*, the following unconstitutional practices:

   i. applying excessive force to arrestees

43. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department constitute deliberate indifference to the safety, well-being and constitutional rights of plaintiffs, LEIDA MERCEDES and LAURA MONTANEZ.

44. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

45. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

46.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Police Department, plaintiffs were placed under arrest unlawfully.

47.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiffs.

48.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiffs' constitutional rights.

49.     All of the foregoing acts by defendants deprived plaintiffs of federally protected constitutional rights.

**WHEREFORE**, the plaintiffs respectfully requests judgment against defendants as follows:

i.   an order awarding compensatory damages in an amount to be determined at trial;

ii.  an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.  directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       March 31, 2014

Respectfully submitted,

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Counsel for the Plaintiff*

By:   MATTHEW SHROYER (MS-6041)
      80 Maiden Lane, 12th Floor
      New York, New York 10038
      (212) 962-1020

Docket No.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LEIDA MERCEDES AND LAURA MONTANEZ,

                              Plaintiffs,

-against-

THE CITY OF NEW YORK, P.O. COREY CARR, Shield No. 7994, Individually and in his Official Capacity, and Police Officers John Doe, 1-3, the names John Doe being fictitious as the present names are unknown,

                              Defendants.

## SUMMONS AND COMPLAINT

**LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC**
*Attorneys for Plaintiffs*
**80 Maiden Lane, 12th Floor**
**New York, New York 10038**
**(212) 962-1020**

TO:    Corporation Counsel
        c/o New York City Law Dept
        100 Church Street
        New York, New York 10007

        P. O. Corey Carr, Shield No. 7994
        c/o New York City Police Dept-46th Precinct
        2120 Ryer Avenue
        Bronx, New York 10457

Pursuant to 22NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of the State of New York, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

                                              Matthew Shroyer